# Phelan *v.* The State, *ex rel.* Rosenstok.

### *Mandamus to Secretary of State.*

1. *Public records; right to inspect and take copies of.*—The books kept in the several public offices of the executive department of the government are open to inspection by any person having an interest therein, his lawful agent or attorney, except when some reason of public policy requires that any particular matter, though of record, should not be made public for a time; but a person who has been employed by a county surveyor, at a stipulated compensation, can not claim the right to make copies of the field-notes of the government survey of the lands in the county, from the books kept in the office of the Secretary of State.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This was an application by H. E. Rosenstok, by petition, asking for a *mandamus* directed to Ellis Phelan, as Secretary of State, requiring him to permit the petitioner to have access

[Phelan v. The State, ex rel. Rosenstok.]

to the public records kept in his office, and to copy from the books containing the field-notes of the government survey the field-notes of all the lands in Crenshaw county, which, as the petitioner alleged, he was employed to make by the county surveyor of that county, at an agreed compensation of $50, and which the secretary refused to allow him to make. The respondent demurred to the petition, and moved to quash it; and his motion and demurrer being overruled, he filed an answer, admitting his refusal, and denying the petitioner's right to make the copies demanded. A demurrer was interposed to this answer, which, as the judgment is copied in the transcript, was *overruled*, and a peremptory *mandamus* awarded. The overruling of the demurrer to the petition, the *sustaining* of the demurrer to the answer, and the judgment ordering a peremptory *mandamus* to issue, are now assigned as error.

H. C. TOMPKINS, and T. N. McCLELLAN, for appellant.

SMITH, MACDONALD & MARKS, *contra*.

STONE, C. J.—In *Brewer v. Watson*, 61 Ala. 310, this court, after stating that any citizen has the right to inspect the records of judicial proceedings in the courts of the country, added, that "books kept in the public offices of the executive department are not—at least all of them—equally open to examination."—1 Greenl. Ev. §§ 471, 475. The qualification of the rule is, that no person can demand this right, save those who have an interest in the record, their lawful agents, or attorneys. The uses for which public records are kept, the welfare of the public, and the nature of our institutions, all go to show that this right of free inspection should not be withheld, unless there be some reason of State policy which may, for a time at least, render it proper that some matter, even of record, be not made public.—1 Greenl. Ev. §§ 250, 475–6; *King v. Shelley*, 3 T. R. 141; *King v. Allgood*, 7 T. R. 746. The record in question is not of this class.

The tract-books of the public lands, containing the field-notes of the authorized, public survey, are very important to the whole people, as furnishing the means of identifying, determining and preserving the boundaries of the many landed estates, into which the public domain is divided. There are, probably, no public records in which so many of the State's inhabitants have an interest. Of these, any one having an interest has, and should have, a right of inspection, without fee or charge. Whether the right extends beyond the mere right of looking at the record, we have found no adjudged case that determines. It would seem, however, that no reasonable argu-

[The State v. McBride.]

ment can be urged, why persons having an interest in a particular tract, or tracts, should be denied the privilege of making, or having made, memoranda for his own uses. This question is not raised by this record, and we need not decide it.

The relator in this case claimed the right to copy from said books all the field-notes of survey of all the lands in Crenshaw county. This claim was based, not on any right or interest he had or claimed in the lands, nor in the right of any other person claiming an interest in the lands. His claim is rested on the fact, that the county surveyor of Crenshaw county hired him to make the copy, for a stipulated compensation. The length of time that would be required to make such copy, we have no means of knowing. It would probably require many days, if not several weeks. There is no authority, under the law, for removing the records from their rightful custody. The law places them in the keeping of the Secretary of State, and there they must remain, for more reasons than one. He alone is responsible for their safe custody, and in his office the public have the clear right to have them kept, so as always to know where they can be found for inspection. And the demand on the Secretary of State, for certified copies from such books, may be of daily occurrence. There being, then, no authority to remove the books of record, can it be that the Secretary of State is required to furnish such copyist for private emolument house and desk-room, for performing the work this contract contemplated ? In considering this question, we should bear in mind that, if one have such right, many may claim it at the same time, and thus fill the rooms allotted to the Secretary with incumbering copyists having no connection with the office, nor with its official duties.

We hold, that the right claimed does not fall within that beneficent. yet narrower right of inspection, and that the City Court erred in granting the relief prayed for.

The judgment of the City Court is reversed, and a judgment here rendered, dismissing relator's petition. Let the costs of this proceeding, both in the court below and in this court, be paid by the relator.