JACKSON *v.* COCHRAN.

While mandamus will lie to compel performance of specific acts, where the duty to discharge them is clear, it is not an appropriate remedy to compel a general course of official conduct for a long series of continuous acts to be performed under varying conditions. Therefore the writ of mandamus will not issue at the suit of one of the duly elected bailiffs of a militia district to compel the justice of the peace elected in such district to make an apportionment of the papers, writs, and other processes issuing from the justice's court or returnable thereto, and to turn over any particular part of them to the constable.

APRIL 21, 1910.

Mandamus. - Before Judge Pendleton. Fulton superior court. November 30, 1909.

W. A. Cochran filed a petition against R. R. Jackson, alleging, that petitioner and one Maulding were duly elected constables and defendant Jackson justice of the peace for the 1422d district G.M., Fulton county; that petitioner and Maulding and defendant Jackson each duly qualified, received· their commissions, and together entered upon the duties of their respective offices. Petitioner alleged that he and Maulding held themselves ready at all times to serve summonses, levy executions, and perform all other services and duties required of them by law, and that they alone had the legal right to serve as constables for said district, and were alone entitled to the fees of that office; but that defendant Jackson soon disregarded their rights and the law, and appointed other persons to act as constables for his court, and turned over to them nearly all business, and declined to deliver any papers to petitioner and the other constable elected with him, "except a very few." And petitioner prayed for a mandamus against defendant, and·that he "be required to deliver and turn over to your petitioner any and all summons, precepts, processes, executions, and other papers, or at least his pro rata share of the same, which he alleges is at least one half thereof."

Defendant filed a demurrer to the petition, upon the grounds,

among others, that there is no legal duty on the part of a justice of the peace to turn over to any constable all or any particular portion of the papers issued by him; that he has a discretion in the matter of appointing constables for his court; that if petitioner has any right of action against defendant, mandamus is· not the remedy; and that Maulding is a necessary party to the suit. The court overruled the demurrer, and defendant excepted.

*Moore & Branch,* for plaintiff in error. *J. S. James,* contra.

BECK, J. (After stating the foregoing facts.)

While the writ of mandamus will issue to compel a due performance of official duties, it will not be granted to compel the performance of such a series of acts as that, in enforcing the observance of the writ, the court issuing the same would have to undertake to oversee and control the general course of official conduct of the party to whom the writ is directed. In the case of *Patterson* v. *Taylor,* 98 *Ga.* 646 (25 S. E. 771), it was said: "Mandamus will not lie to compel a public officer to do an act not clearly commanded by law. 'It is only practicable by mandamus to compel performance of specific acts, where the duty to discharge them is clear and well defined, and when no element of discretion is involved in the performance.' Where the officer has a discretion in the matter, the court may by this means compel him to exercise his discretion, but can not direct in what manner he shall exercise it. 14 Am. & Eng. Enc. of Law, art. Mandamus, 104; Merrill on Mandamus, § 106 et seq." And in the case of Diamond Match Co. v. Powers, 51 Mich. 147 (16 N. W. 315), the court said: "When the case presents a single occasion, and calls for an act which is presently determinate, it is entirely practicable to direct the act by mandamus. But where the case contemplates something continuous, yet variable in its conditions and aptitudes, the remedy by that process seems an unfit one. It is the office of mandamus to direct the will, and obedience is to be enforced by process for contempt. It is, therefore, necessary to point out the very thing to be done; and a command to act according to circumstances would be futile." See also 19 A. & E. E. Law, 724, and cases there cited.

Under the well-established doctrines set forth above, relative to the scope of the writ of mandamus, it is clearly not a remedy appropriate to the wrongs of which the applicant in the present case makes complaint. In the first place, he is not asking that the.

magistrate against whom he seeks the writ be compelled to perform some specific act or fulfil some specific ·official duty; but it is manifest that if he were entitled to the writ on his petition, he would obtain a writ regulating and controlling the magistrate in his general course of official conduct. Not only would a long series of official acts upon the part of the magistrate be ordered, but the acts sought to be compelled are of such a character that the magistrate has a very large discretion relatively to the demand of the defendant in error in regard to them. For, even if no exigency has arisen which would authorize the appointment of special constables under section 4085 or 4086 of the Civil Code, certainly as between the applicant for the writ of mandamus and the other regularly elected constable for the district the magistrate would have a large discretion in apportioning the writs and processes to be served. These and other considerations show clearly that the applicant was not entitled to the issuance of the writ of mandamus; and the general demurrer to the application should have been sustained. *Judgment reversed. All the Justices concur.*