McALESTER-EDWARDS COAL CO. *et al.* v. STATE *ex rel.* MARSHALL, *et al.*

No. 1515.    Opinion Filed March 12, 1912.

(122 Pac. 194.)

**MANDAMUS—When Lies.** The proper function of a writ of mandamus is to compel the doing of a specific thing, something which can be neither diminished nor subdivided, and it is not an appropriate remedy to compel a general course of official conduct or a long series of continuous acts, as it is impossible for the court to oversee the performance of such duties.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Application by the State, on the relation of Sam J. Marshall and others, for writ of mandamus against the McAlester-Edwards Coal Company and others. Judgment for relators, and defendants bring error. Reversed and remanded, with instructions to dismiss.

*Stuart, Gordon & Liedtke,* for plaintiffs in error.

*Lester & Hammond,* for defendants in error.

DUNN, J. This case presents error from the district court of Pittsburg county. September 13, 1909, defendants in error, as plaintiffs, filed their petition, in which it is alleged that the defendant the McAlester-Edwards Coal Company is a corporation, and that Jones Keener and Arthur Craig are mine foremen thereof; that the said coal company is engaged in the business of mining coal, and has employed the plaintiffs as coal miners; that, in order to perform their duties in safety, it is necessary to have sufficient props, caps, and timbers of suitable size and length at the face of their respective working places, with which to timber the mine and make it safe; that under the law it is made the duty of the said coal company to employ a competent, practical mine foreman to see that plaintiffs have props, caps, and timbers of suitable size and of proper length sent into the mine and delivered to the working face; that they have requested the said coal company and Keener and Craig to perform this duty, which they have failed to do. The prayer is as follows:

"Wherefore relators pray that the court grant an alternative writ of mandamus requiring the said McAlester-Edwards Coal Company and Jones Keener and Arthur Craig to furnish to your relators, and all other miners working in their said mine at Edwards, Okla., at all times, such timbers, props, and cap pieces as are necessary to keep their working places in a safe condition, and that they be required to deliver them at the face of their working places, in said mine," etc.

On this petition, an alternative writ of mandamus was issued, to which the defendants filed answer setting up, among a number

of other defenses, that the matters and things set out in the petition were not sufficient to justify or authorize the issuance of the writ of mandamus against them.　After trial had, the court issued its peremptory writ, and the case, after motion for new trial was filed and denied, has been brought, on appeal, to this court for review.

Conceding that all claims made by plaintiffs are found in their favor, and all the other defenses presented by the defendants are adjudged against them, the determination of the issue presented by that portion of the answer of the defendants above noted, in our judgment, is conclusive of the entire proceeding.

Is the writ of mandamus available to plaintiffs. to compel the defendants to furnish them, at all times, such timbers, props, and caps as are necessary to keep their working places in safe condition, and to require them to deliver the same at the face of their working places?

The statute relied upon by plaintiffs, and which, for the purpose of this hearing, is assumed to be valid, is found in the Sess. Laws 1909, at pages 383, 384, and is section 2 of article 1 of chapter 23, and reads as follows:

"The mine foreman shall see that. all miners in said mine are supplied at all times with such timbers, props and cap pieces as are necessary to keep his working place in a safe condition.　Such timber to be sawed square as near as possible in proper length to fit the working place.　All such timbers, props and cap pieces shall be delivered at the face of the miners' working place in said mine by company men.　Timbers in this section shall mean all wood to be used by said miner, and if from any cause, the timbers cannot be supplied where required, the said mine foreman shall instruct the persons to vacate all said working places until supplied with the timber needed, and shall see that all water be drained or hauled out of all working places before the miner enters, and as far as practicable, kept dry while the miner is at work.　The term 'company men' as used in this act shall mean those employed regularly as day hands and paid by shift wages."

The penalty for a violation of any of these duties is made a misdemeanor.　Under the foregoing statute, it will be noted that the timbers, props, and cap pieces which are to be furnished are

McAlester-Edwards Coal Co. et al. v. State ex rel. Marshall et al.

such as are necessary to keep the miners' working place in a safe condition. And that the same are to be sawed square, as nearly as possible, and of proper length to fit the working place. And that, if from any cause the timbers cannot be supplied where required, it is made the duty of the foreman to instruct the persons to vacate the working places until supplied with the timber which is needed. It will be seen at a glance that the performance of the duties required by this act would be as varying in their measure, quantity, and necessity, as all the different conditions in the various mines might or would present; and that there is no definite, certain, specific act to be done, upon which the court may place its judicial finger and say that herein is a definite duty owed and a thing to be done which has been neglected. If any writ could be made effective, it would be essential to determine in every instance, first, whether or not there was a necessity for the props and timbers to keep any particular working place in a safe condition, and second, what should be considered to be the proper length and size to fit the working place, so as to make it safe; and these varying and uncertain elements would of necessity further depend, not upon a specific mandate of the law, but upon the judgment and opinion of the different mine operatives as they might differently view these things at the time, both from their actual contact at the time and place, as well as from their experience. The writ would therefore virtually make of the court an overseer of all these contingent and varying duties, which, from the nature of things, it could not assume. Furthermore, it is to be noted that the duty demanded to be performed is a continuing one, for it is sought to require defendants to furnish these props and timbers at all times.

That mandamus is not the proper remedy, and is not available in this class of cases, is, we believe, declared by all of the courts. The rule is stated in 19 Am. & Eng. Ency. of Law, p. 724, as follows:

"Mandamus is not an appropriate remedy to compel a general course of official conduct or a long series of continuous acts, as it is impossible for the court to oversee the performance of such duties. The proper function of a mandamus is to com-

pel the doing of a specific thing; something which can be neither diminished nor subdivided."

See 13 Ency. P. & P. 497; *State ex rel. Hawes v. Brewer et al.*, 39 Wash. 65, 80 Pac. 1001, 109 Am. St. Rep. 858, 4 Ann. Cas. 197; *Jackson v. Cochran*, 134 Ga. 396, 67 S. E. 825, 20 Ann. Cas. 219; *State ex rel. v. Associated Press*, 159 Mo. 410, 60 S. W. 91, 51 L. R. A. 151, 81 Am. St. Rep. 368; *People ex rel. Lehmaier v. Interurban Street Ry. Co.*, 177 N. Y. 296, 69 N. E. 596; *People ex rel. National Cigar Co. v. Dulaney et al.*, 96 Ill. 503; *Diamond Match Co. v. Powers*, 51 Mich. 146, 16 N. W. 314; *Iron Age Pub. Co. v. Western Union Tel. Co.*, 83 Ala. 498, 3 South. 449, 3 Am. St. Rep. 758.

The Supreme Court of Washington, discussing this question in the case of *State ex rel. Hawes v. Brewer et al., supra*, says:

"The demand is for a continuing course of action. The writ cannot be any more specific than the petition, and the writ which must necessarily issue under a petition of this kind, and which was peremptorily issued, is no more effective than the statute. Each equally commands the officer to perform his duty. One is the announcement of the law by the lawmaking power; the other is the announcement of the law by the court. The remedy by mandamus contemplates the necessity of indicating the precise thing to be done. It is not adapted to cases calling for continuous action, varying according to circumstances. It is the office of mandamus to direct the will, and obedience is to be enforced by process for contempt. It is therefore necessary to point out the very thing to be done; and a command to act according to circumstances would be futile."

This case is distinguishable from the case of *Oklahoma City v. Oklahoma City Ry. Co.*, 20 Okla. 1, 93 Pac. 48, 16 L. R. A. (N. S.) 651, in that therein there was a definite, specific, certain service to be performed which was neither increased nor diminished nor rendered uncertain by the circumstances under which it was to be performed, and in such cases courts have held that the writ will issue.

The statute fixed its own sanction; it provided the violation of the act should be a misdemeanor. Such a trial is readily avail-

able in a court always open; while no court could keep a case open for months or, perhaps, years to hear, from time to time, proceedings for contempt. *Iron Age Pub. Co. v. Western Union Tel. Co., supra.* And relators have a better and more available remedy within the statute than would be open to them through the writ. The decisions of the courts are all against the use of the writ in a case of this kind.

The judgment of the trial court is accordingly reversed, and the cause remanded, with instructions to dismiss the same.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent, and not participating.