(85 South. 700)

**STATE ex rel. DENSON et al. v. MILLER, President of Jury Commission of Shelby County. (7 Div. 77.)**

(Supreme Court of Alabama. May 13, 1920.)

**1. Records ⚭14—Jury roll not a public record to be exposed to inspection.**

In view of the former jury law (Code 1907, § 7239) and public policy, under Jury Law, § 10, the jury roll is not a public record to be exposed to inspection by the general public, or those interested in the personnel of future juries by reason of their interest in pending or anticipated litigation, but the roll is to be kept privately by the president of the jury commission in a courthouse safe or vault.

**2. Mandamus ⚭82—Circuit judge may require production of jury roll for use as evidence.**

In the exercise of a sound judicial discretion, the circuit judge may require the production of the jury roll to be used as evidence in any proceeding wherein it is relevant to the issues before the court and in which its inspection and use under the court's eye are compatible with the public welfare.

**3. Mandamus ⚭12—Office of writ to coerce performance of single acts and not of a series.**

The ordinary office of mandamus is to coerce the performance of single acts of specific and imperative duty, not the performance of a series of continuous acts over which the court cannot furnish superintendence.

**4. Mandamus ⚭151(2)—Petition to compel president of jury commission to fill jury box demurrable for nonjoinder of other commissioners.**

Petition for mandamus against the president of jury commission of county to compel refilling of alleged packed jury box in a lawful way is demurrable for nonjoinder of the other members of the commission as parties respondent.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Petition of the State of Alabama, on the relation of W. A. Denson and others, for alternative writ of mandamus directed to Frank

Miller, as president of the jury commission of Shelby county, commanding him to bring into court the jury roll of the county and to keep it so that it may be open to the inspection of petitioners and other persons interested, in order that they may inspect it at seasonable times and places and gain information in reference to the status of the jury system of the county, or to show cause why he should not be compelled to do so. From decree sustaining demurrers to the petition, relators appeal. Affirmed.

See, also, ante, p. 232, 85 South. 698.

In one aspect the petition sets up substantially the same facts in the case of State ex rel. W. A. Denson v. Frank Miller et al., 85 South. 698,[1] and seeks, as in that case, the refilling of the jury box. Petitioners show that they, or the law firms with which they are associated, are representing plaintiffs in a number of suits for damages for personal injuries now pending in the circuit court of Shelby county; that when the jury commission emptied the jury box of 1,400 names remaining therein and filled it with about 600 names, they prepared a jury roll which is now in the possession of respondent, Miller, who has refused upon petitioners' request to allow said roll to be seen by them, although they stated to him that they demanded permission to inspect it as the representatives of citizens and clients interested in said pending suit, respondent denying that the said jury roll was a public record or that any citizen had the right to inspect it. Respondent demurred to the petition on numerous grounds, among others, that no duty rested upon respondent to permit such inspection of the jury roll; that it is against public policy to open it to public inspection; and that in any event the other two members of the jury commission were necessary parties to the petition.

Riddle & Ellis, of Columbiana, and W. A. Denson, of Birmingham, for appellants.

The judgment of the trial judge in denying the petition is in direct conflict with the following authorities: 182 Ala. 561, 62 South. 205; 57 South. 81; 168 Ala. 551, 53 South. 217; 143 Ala. 512, 39 South. 348; 152 Ala. 554, 44 South. 704; 45 South. 891; 196 Ala. 327, 71 South. 405; 133 Ala. 139, 32 South. 251; 24 Cyc. 329; sections 4635, 7276, and 7277, Code 1907; Acts 1909, p. 305; 178 Ala. 412, 59 South. 594; 182 Ala. 449, 62 South. 189.

Leeper, Haynes & Wallace, of Columbiana, and Percy, Benners & Burr, of Birmingham, for appellee.

Respondents question the sufficiency of the petition in law. 69 Ala. 317. No interest is shown, and the disclosure sought would be detrimental to the public interest. 61 Ala. 310; Acts 1909, p. 305, §§ 10 and 15. The writ should not be granted. 165 Ala. 41, 50 South. 962; 5 Ala. App. 202, 59 South. 689; 150 Ala. 15, 43 South. 343; 91 Miss. 1, 45 South. 353; 29 Fla. 527, 10 South. 904; 102 Va. 498. 46 S. E. 774; 34 S. C. 16, 12 S. E. 625.

SOMERVILLE, J. As a preliminary to the filling of jury boxes under the Jury Law of 1909 (Acts 1909, p. 305), section 10 of the law requires that the jury commission "shall make in a well-bound book a roll of every male citizen living in the county, who possesses the qualifications herein prescribed." The names on this roll are required to be written separately on white cards, which are placed in a metal jury box, provided with a lock and two keys, one kept by the president of the commission and the other by a judge of a court of record having juries. The box must be kept in the vault or safe of the probate judge, or, if he has none, in any other safe or vault in the courthouse.

No provision is made for the custody or safe-keeping of the jury roll, and there is nothing in the act itself which either permits or forbids the inspection of the roll by the general public, or by persons who are interested in litigation, present or prospective, which may be the subject of jury trial.

Under the former Jury Law (Code 1907, § 7239), the commission was required to prepare a list of the names of persons selected for jury service, and to file a certified copy of this list, in a sealed envelope, in the office of the probate judge, and that officer was required to "keep such list securely and not allow the seal of the envelope to be broken, or such list to be inspected by any one, save the jury commissioners, unless under an order of the judge of the circuit, city, or criminal court of the county."

[1] Though this statute has been repealed by the act of 1909, it is useful to show the legislative policy then existent of preserving inviolate the secrecy of the jury roll by forbidding its examination, in copy, by any person other than a member of the jury commission, except under a formal judicial order. It seems clear that under the present Jury Law the custody and control of the book containing the jury roll is left with the jury commission. The very nature of the roll, its destined use, and its intimate relation to the jury box itself, would seem to leave no doubt of the conclusion that it is in no sense a public record intended to be exposed, or which can, consistently with sound policy and the procurement of untainted juries, be exposed to inspection, either by the general public or by those who are interested in the personnel of future juries by reason of their interest in pending or anticipated litigation. To know the names upon the jury roll is to know the names with-

[1] Ante, p. 232.

in the jury box, and that such knowledge, in the hands of interested and unscrupulous persons, may result in serious evils in the administration of justice by jury trial, is hardly open to doubt.

The jury roll is made and kept exclusively for the use of the jury commission, and no person has a right to inspect and use it for private ends. We are clear in the conclusion that the demurrer to the petition was properly sustained as to this aspect of the relief sought.

[2] It is scarcely necessary to add that the circuit judge may, in the exercise of a sound judicial discretion, require the production of the jury roll to be used as evidence in any proceeding wherein it is relevant to the issues before the court, and in which its inspection and use under the eye of the court, are compatible with the public welfare. See Brewer v. Watson, 61 Ala. 310; Id., 71 Ala. 299, 46 Am. Rep. 323; Phelan v. State, 76 Ala. 49; 1 Greenl. on Ev. (16th Ed.) §§ 476, 477.

[3] While we prefer to base our ruling upon the general considerations above stated, it may be noted also that—

"The ordinary office of the writ of mandamus is to coerce the performance of single acts of specific and imperative duty. The court will not undertake to compel the performance of a series of continuous acts, as it is impossible to furnish that superintendence without which the court's mandate becomes nugatory." State ex rel. City of Mobile v. Board of R. & R. Com. Mobile Co., 180 Ala. 489, 61 South. 368.

[4] In its other aspect, viz., to compel the refilling of the jury box in a lawful way, the petition is clearly subject to demurrer for nonjoinder of the other members of the jury commission as parties respondent.

The judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.