(117 So. 460)
**JETER, Clerk, v. STATE ex rel. CARLISLE, Constable, (6 Div. 138.)**

Supreme Court of Alabama. June 14, 1928.

Ernest Matthews and Thos. J. Judge, both of Birmingham, for appellant.

T. A. Murphree and Marvin Woodall, both of Birmingham, for appellee.

GARDNER, J. J. D. Carlisle is the duly elected and qualified constable for precinct 37 in Jefferson county, Ala. Mark L. Jeter is clerk of the Third division of the municipal court of Birmingham, Ala.

This mandamus proceeding was brought by the constable against said Jeter as such clerk to require the delivery to said constable of all processes issuing out of the Third division of the municipal court, which are to be served in said precinct 37.

There was a demurrer interposed to the petition which was overruled, and, respondent declining to plead further, judgment was entered for petitioner, from which respondent prosecutes this appeal.

The averments of the petition are therefore undisputed, and, so far as here pertinent, to the following effect: Petitioner as duly elected and qualified constable of said precinct 37 demanded of respondent as such clerk of the Third division of the municipal court that he as such clerk "turn over to petitioner all processes which should be issued out of said division of said court, and which should be served in precinct 37 of Jefferson county, as under the law * * * petitioner was entitled to have for service in his said precinct, but that the said respondent has wrongfully refused and still wrongfully refuses to give to petitioner all such processes, or any substantial amount thereof, and has given notice to petitioner that it is not his intention to conform to petitioner's said demand, for the reason that the law does not require him to do so"; that said clerk delivers for service practically all of such processes to another constable other than precinct 37, and that, by the wrongful action on the part of respondent, petitioner is practically excluded from operation in said court as the constable of precinct 37; that the municipal court of Birmingham was created by Local Act approved July 12, 1915 (Local Acts 1915, p. 231), and that pertinent provisions of sections 7 and 8 of said act read as follows:

"Sec. 7. That the clerk of each division shall issue all processes out of said court returnable to his division, except warrants of arrest and writs of commitment, which shall be issued by one of the judges of said court; the clerk shall approve all bonds in civil cases and shall keep a docket of his division of said court. * * *

"Sec. 8. The constables of precincts 21 and 37, 10, 34 and 46 of Jefferson county and the sheriff of Jefferson county shall be ex officio officers of said court and shall execute all processes from said court and make return thereof and shall receive the same compensation as is

now provided by law for like service in the courts of common pleas of Birmingham, Alabama, which fee shall be paid to said constable and sheriff, and each constable shall have the right to demand any process issuing out of said court to be served in the precinct for which he was elected."

■ It is noted that, under the provisions of section 8, "each constable shall have the right to demand any process issuing out of said court to be served in the precinct for which he was elected." We think it very clear that the word "any," as used in the connection above noted in the quoted provision of section 8 is to be construed in its "broad distributive sense," and has the same meaning as "all"; the legislative intent being to give to the constable of the named precincts the right to demand for service *all* processes issuing out of said court to be served in his respective precincts. 3 Corpus Juris, 232, and authorities cited in note 33.

The delivery by the clerk to the constable of such processes for service in his precinct is a public ministerial duty (Stewart v. Wilson Printing Co., 210 Ala. 624, 99 So. 92), and that petitioner had the clear legal right thereto upon demand sufficiently appears from the above-quoted language of section 8 of the Local Act, and indeed his right thereto is not here questioned or denied by counsel.

■ ■ The argument for a reversal of the judgment rendered is rested solely upon the generally recognized doctrine that the "ordinary office of the writ of mandamus is to coerce the performance of single acts of specific and imperative duty," and that the court "will not undertake to compel the performance of a series of continuous acts, as it is impossible to furnish that superintendence without which the court's mandate becomes nugatory." The quoted language from brief of counsel for appellant is from the case of State ex rel. City of Mobile v. Board of R. & R. Comm., Mobile County, 180 Ala. 489, 61 So. 368, but in this very authority the doctrine was made inapplicable to inaction of public officials based upon the misconception that they were under no duty in the premises, and it was held that the road commissioners, the officials there in question, could not take shelter behind an erroneous interpretation of the statute, and that, if their judgment in reference to the matter of taking charge of the care of the streets in the city of Mobile was wrong, their nonaction, their refusal to consider the same, amounted to an evasion or denial of positive duty under the law, for which there was no remedy except by mandamus proceeding. This authority is applicable to the instant case, and fully justifies the judgment of the trial court.

Here it is made to appear the respondent as a public official entertains an erroneous opinion in regard to his duty in the premises, and his interpretation of the statute to the irreparable injury of petitioner, practically excluding him from the position of constable of precinct 37, to which he was duly elected, and for which injury there is no legal remedy. There is here no infringement upon the general rule that the court will not compel the performance of a series of continuous acts. This rule, recognized by the authorities generally (38 Corpus Juris, 603), rests upon matters of convenience and practical operation of the courts, better stated by the author of the note to McAlester-Edwards Coal Co. v. State of Okl., ex rel. 31 Okl. 629, 122 P. 194, 39 L. R. A. (N. S.) 810, as follows:

"The reason upon which these cases are founded is the practical impossibility of the courts overseeing the performance of a long series of continuous acts, and the fact that a course of conduct extending over a considerable period necessarily involves the exercise of discretion which is vested in an official."

But, as stated by the Illinois court in People v. Dunne, 219 Ill. 346, 76 N. E. 570:

"It is not necessary, in all cases, that the performance of the duty should consist of a single act. It may be a succession of acts, if the duty is specific and the acts are of such a nature that the court can supervise the performance of the duty and the execution of the mandate."

See note to Jackson v. Cochran, 134 Ga. 396, 67 S. E. 825, 20 Ann. Cas. 219. See, also, State v. Milwaukee R. Co., 144 Wis. 386, 129 N. W. 623, 140 Am. St. Rep. 1025.

Here the duty is specific; that is, to deliver to petitioner upon demand processes for service in precinct 37. It requires no exercise of judgment or discretion, but a plain ministerial duty, the performance of which should require no supervision by the court. The clerk, having misinterpreted the statute, will presumably readily acquiesce in the court's construction thereof, and, if so, the performance of his duty to petitioner will not be difficult, and will involve no question of supervision.

The general rule pressed upon our attention by appellant is recognized, but we are of the opinion it is without application to the instant case, and should not be extended beyond its proper scope. We have examined the authorities cited by counsel for appellant (Jackson v. Cochran, 134 Ga. 396, 67 S. E. 825, 20 Ann. Cas. 219; State ex rel. Denson v. Miller, 204 Ala. 234, 85 So. 700; State ex rel. Wert v. Florida Coast & Canal Co., 73 Fla. 1006, 75 So. 582, L. R. A. 1917F, 776; and McAlester v. Okl., 31 Okl. 629, 122 P. 194, 39 L. R. A. [N. S.] 810), and entertain the view they do not militate against the conclusion here reached.

We are persuaded the judgment of the trial court is correct, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.