Harry Gilmore and other property owners in a subdivision in Monroeville filed suit seeking to enjoin the City and Southern General Contractors from erecting and operating a public works shop adjacent to their property. They sought relief on the ground that the operation of the facility would create a nuisance. The trial court denied relief and entered a final order. We affirm.
The City Council of Monroeville authorized a public works building to be erected and operated on 11 acres of land adjacent to Crestview Subdivision, a residential area zoned R-1. The building is to be used for fueling city vehicles with gasoline and natural gas; city garbage trucks are to be serviced and maintained there; gasoline and diesel fuel tanks are to be installed, and an area for washing garbage trucks is to be utilized. Concerned that the facility would *Page 1081 
create a nuisance, the property owners sought an injunction to prevent its erection and operation. They presented evidence showing that by operating the work shop, noise and odors would be created; vermin and flies would be attracted there; their property would be decreased in value, and traffic and safety problems would arise.
For a court to intervene under § 6-5-125, Code 1975, before the public works shop is erected and put into operation, the property owners must show that it is a nuisance per se. Mr. Justice Somerville, in Rouse Smith v. Martin Flowers, 75 Ala. 510
(1883), stated:
 The rule has long been recognized as quite different where the thing sought to be prohibited is per se a nuisance, and where it is not unavoidably noxious in itself, but may prove so according to circumstances, or otherwise. In the first class of cases an injunction will ordinarily be granted without waiting for the result of a trial at law. In the second class the court will generally refuse to interfere until the matter has been tried at law.
We opine that the evidence presented by the property owners does not show that the operation of a public works shop by the city is a nuisance per se. Its operation may become a nuisance in the future if there are offensive odors, disagreeable noises, annoying vibrations from the motor vehicles, and traffic hazards, that imperil the health and safety of the property owners. But, at this point in time, any alleged injury to them is speculative. Relief was properly denied. Cf. Parker v. City of Mountain Brook,286 Ala. 241, 238 So.2d 868 (1970).
The order of the trial court is affirmed on this issue.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES and EMBRY, JJ., concur.