SHORES, Justice.
Plaintiff Gene Abernathy appeals an order of the circuit court dismissing his complaint as amended as to all defendants for failure to state a claim upon which relief could be granted.
Abernathy brought suit in the name of the state on the relation of himself, individually as a citizen of Colbert County, and as a member of the Colbert County Board of Plumbers Examination and Registration. The defendants are the six municipalities of Colbert County, namely, the city of Sheffield, the city of Tuscumbia, the city of Muscle Shoals, the town of Leighton, the town of Cherokee, and the town of Little-ville.
The complaint alleges that the defendants are issuing plumbing licenses and building permits involving plumbing work to persons, firms, or corporations that do not have a certificate of competency from the board, in violation of their public duty as defined in Act No. 242, Acts of Ala.1957.
Act No. 242 provides in pertinent part:
*7 “Section 6. EXAMINATION AND CERTIFICATION. It shall be unlawful for any person, firm or corporation to do or perform or to contract, direct or superintend any plumbing within any incorporated city or town in Colbert County unless such person has first received a certificate of competency, hereinafter referred to as ‘certificate,’ and unless such certificate is in force and effect at the time such plumbing is done, directed or superintended; except as hereinafter provided.
“It shall be the duty of the Board to examine and pass upon the qualification of every person who may apply for a journeyman plumber’s certificate upon forms provided by the Board. Such applicant shall be examined, orally or in writing, upon the fundamentals of plumbing, the theory and practice of plumbing installation and construction, and the experience and ability of the applicant in practical plumbing installations and construction; and, if such applicant be found to possess an accurate knowledge of the theory and correct practice of plumbing installation and construction, and sufficient experience and ability in plumbing installation and construction to safely and competently apply his knowledge and practice, the Board shall issue to him a certificate, upon his first paying all fees herein prescribed.

“Section 15. PENALTY. Any person who is convicted of doing or committing any act prohibited hereby, or of failing or omitting to do any act required hereby or of knowingly and willingly making any false statement to the Board concerning his application to or examination by the Board, with the intent to deceive, shall be guilty of a misdemeanor, and upon conviction, shall be fined not less than $10.00 and not more than $500.00 for each offense; and each day’s violation shall constitute a separate offense.”
Plaintiff requested a writ of mandamus and/or injunctive relief to compel defendants to issue plumbing licenses and building permits only to persons, firms, or corporations that hold a certificate of competency issued by the board. All defendants filed motions to dismiss, which were granted by the trial court.
From that judgment plaintiff appeals. We affirm.
Mandamus is an extraordinary legal remedy, available only when there exists a clear, specific legal right for the enforcement of which there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33 (Ala.1981); Echols v. Housing Authority of Auburn, 377 So.2d 952 (Ala.1979); Ex parte Locke, 346 So.2d 419 (Ala.1976).
Appellant first contends that he has a clear legal right because the defendant municipalities are violating their public duty by issuing plumbing licenses and building permits without requiring a certificate of competency from the board. In support of this contention, Abernathy cites § 22-26 — 4, Ala.Code 1975, which states:
“[T]he issuance of permits for the installation of plumbing within structures located within the police jurisdiction of municipal corporations, and the inspection and approval of same, shall be functions of municipal corporations.”
Appellant contends that this language, in conjunction with Section 6 of Act No. 242, places an imperative duty upon the municipalities to issue plumbing licenses and building permits for plumbing work only to those persons who have obtained a certificate of competency. We disagree.
The strictures of Act No. 242 do not direct themselves toward the municipalities; rather, the proscriptions are directed toward the plumbers themselves. The act cannot be read so as to impose a specific duty on each municipality in Colbert County. Section 26-22-4, although placing the authority for the licensing of plumbers and plumbing work upon each municipality, cannot be incorporated by implication into Act No. 242 in order to create an affirmative duty for each municipality to grant plumbing licenses only to those persons holding a certificate of competency.
*8 Any duty created by the act lies in the responsibility of any person contracting or performing plumbing work within Colbert County to first obtain a certificate of competency from the board. The penalty provisions of Section 15 relate to these persons; therein the duty is created.
The sanctions of Section 15 are criminal in nature and adequately enforce the proscriptive sections of the act. These sanctions protect the interests of the public and, therefore, negate the necessity for mandamus.
To issue a writ of mandamus in the present case would require continued supervision by the Court over the issuance of each future plumbing license. The ordinary office of mandamus is to coerce the performance of single acts of specific and imperative duty, not the performance of a series of continuous acts over which the court cannot furnish superintendence. Jeter v. State ex rel. Carlisle, 218 Ala. 12, 117 So. 460 (1928); State ex rel. Denson v. Miller, 204 Ala. 234, 85 So. 700 (1920).
Likewise, injunctive relief is not proper to enforce Act No. 242 because it would require the enjoining of future criminal acts over which equity generally has no jurisdiction. See, e.g., Corte v. State, 259 Ala. 536, 67 So.2d 782 (1953); Knighton v. Knighton, 252 Ala. 520, 41 So.2d 172 (1949). As appellant points out, in Corte we recognized an exception to the general rule in cases where the acts complained of may endanger the public health and welfare, and an injunction might afford a more complete remedy. Corte, supra, 67 So.2d at 788. Even in such cases, however, an injunction may not be sought as a matter of right, but the power to grant or refuse it rests in the sound discretion of the court. Id. 67 So.2d at 787.
Because there exists no clear legal right for the plaintiff, nor any imperative duty imposed upon the defendants by Act No. 242, we find that the trial court did not abuse its discretion in dismissing plaintiff’s request for injunctive relief.
The judgment of the trial court dismissing the action for failure to state a claim upon which relief could be granted is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, AL-MON, EMBRY and BEATTY, JJ., concur.
FAULKNER and ADAMS, JJ., dissent.
JONES, J., not sitting.