HOUSTON, Justice.
Is a truck terminal a nuisance at all times and under all circumstances, regardless of location or surroundings?
The defendant appeals from an order granting a permanent injunction against an anticipated nuisance, pursuant to Ala.Code 1975, § 6-5-125. The order “restrained and enjoined [R & D Trucking Company, Inc.] from any construction [on a certain] 15-acre tract of land, and restrained and enjoined [that company] from constructing any truck terminal on said rural property located on Gate 6 Road, Colbert County, Alabama.”
R & D Trucking Company, Inc. (“R & D”), purchased an 80-acre parcel of land in Colbert County, which adjoined or was near parcels of property owned by the plaintiffs. The plaintiffs maintained residences on their respective parcels. The area in which those parcels and R & D’s 80-acre parcel are located is rural and is not zoned. R & D’s land abuts a public road known as Gate 6 Road. The plaintiffs live on or near Gate 6 Road. Gate 6 Road derives its name from the fact that it leads to Gate 6 of the Reynolds Metals Company plant located in the area. Gate 6 Road is approximately three-quarters of a mile long and is the only road providing access to the primary loading area for trucks at the Reynolds Metals plant. There are no restrictions imposed by the State of Alabama or Colbert County on the use of this road by trucks. This road has been used by trucks serving the Reynolds Metals plant for many years. It is also the road used by employees on the three daily shifts at the Reynolds Metals plant to go to and from work.
R & D began construction of a truck terminal on 15 acres of its 80-acre parcel. The plans called for the construction of a safety and personnel building on this 15-acre parcel nearest Gate 6 Road. A truck terminal was to be built behind that building. Driveways were to be paved, but some areas were to be covered with chert and some landscaped. The balance of the 80-acre parcel was not to be used for the terminal.
The eight members of this Court who were members of this Court on December 6,1989, had occasion to rule on the authority of a trial court to enjoin an anticipated *1041 nuisance pursuant to § 6-5-125. McCord v. Green, 555 So.2d 743 (Ala.1989). McCord v. Green is definitive and comprehensive in its treatment of this subject, and the trial court’s judgment must be reversed on the authority of that case.
Although the facilities being constructed in McCord v. Green (a wood treatment plant) were different from those being constructed in this case (a truck terminal), the essential facts and circumstances involved in McCord v. Green — the location of a lawful and useful business in an unzoned rural area devoted primarily to residential and agricultural purposes — are practically identical to those in this case.
In McCord v. Green, 555 So.2d at 746, this Court wrote:
“This Court reaffirms that the extraordinary powers authorized by § 6-5-125 should be exercised only when the complainant has shown to a reasonable degree of certainty that the act or structure he seeks to enjoin will be a nuisance per se.”
In McCord v. Green, 555 So.2d at 745-46, this Court also provided a definition of “nuisance per se” and some elaboration on that definition:
“A nuisance per se is an act, occupation, or structure that is a nuisance at all times and under any circumstances, regardless of location or surroundings. 66 C.J.S. Nuisances § 3 (1950). The nuisance per se doctrine has long been recognized by this Court and was restated with approval in Gilmore v. City of Monroeville, 384 So.2d 1080 (Ala.1980). The number of nuisances per se is necessarily limited. See 58 Am.Jur.2d, Nuisances § 16 (1989). Generally, activities or structures that are not illegal are not nuisances per se. See, e.g., Engle v. Scott, 57 Ariz. 383, 114 P.2d 236 (1941); Beckwith v. Town of Stratford, 129 Conn. 506, 29 A.2d 775 (1942); Leatherbury v. Gaylord Fuel Cory., 276 Md. 367, 347 A.2d 826 (1975); Waier v. Peerless Oil Co., 265 Mich. 398, 251 N.W. 552 (1933); Purcell v. Davis, 100 Mont. 480, 50 P.2d 255 (1935); Morgan v. High Penn Oil Co., 238 N.C. 185, 77 S.E.2d 682 (1953).”
Applying this definition to the facts in this case, the Court is faced with an obvious question: Is a truck terminal a nuisance at all times and under all circumstances, regardless of location or surroundings?
A terminal is a necessity for the operation of a truck transportation business. The trucking business is essential to our economy. The trucking business is permitted and is regulated by law. See, e.g., Ala.Code 1975, §§ 37-3-1 et seq. Truck terminals are recognized by the regulatory statutes of this state as part of the trucking business. Ala.Code 1975, § 37-3-33. Therefore, it cannot be rationally argued that a truck terminal, which is essential in the operation of a useful and necessary business allowed by law, is a nuisance at all times and in all places.
In Parker v. City of Mountain Brook, 286 Ala. 241, 238 So.2d 868 (1970), a municipal facility for the storing, servicing, repairing, and maintaining of trucks and heavy equipment (activity similar to that of-a truck terminal) was held not enjoinable as a nuisance.
Because R & D’s truck terminal will not be a nuisance per se, the trial court committed reversible error in enjoining its completion.
Allowing R & D to complete the construction and begin operation of its truck terminal will not deprive the plaintiffs of their opportunity to attempt to demonstrate to the trial court’s satisfaction that the truck terminal is a nuisance in fact. The holding in this Court does not mean that the plaintiffs are not “free ... to assert [their] rights [later] in an appropriate manner if the contemplated use results in a nuisance.” Parker v. City of Mountain Brook, 286 Ala. at 246, 238 So.2d at 873. The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and SHORES, JJ., concur.