I believe that the learned trial judge erred in permanently enjoining and restraining the landowner, William H. Parker, from any actions in furtherance of constructing and operating a dirt racing track or any similar facility on his property. I think the trial judge misapplied the provisions of Ala. Code 1975, § 6-5-125, relating to an anticipated nuisance.
I recognize that the decision to grant or to deny injunctive relief rests in the sound discretion of the trial court and that the trial *Page 219 
court's ruling will not be set aside unless the court has abused that discretion. Acker v. Protective Life Insurance Co.,353 So.2d 1150 (Ala. 1977). Nevertheless, I do not believe that the plaintiffs proved a clear, specific, legal right that required protection, that an injunction was necessary to prevent irreparable injury, and that they had no adequate remedy at law. See, Gulf House Ass'n, Inc. v. Town of GulfShores, 484 So.2d 1061, 1064 (Ala. 1985), and the cases cited therein.[1]
I also recognize that
 "this court has often stated that any establishment erected on one's premises, though for the purposes of a lawful trade or business, which, from the situation, the inherent qualities of the business, or the manner in which it is conducted, directly causes substantial injury to the property of another or produces material annoyance or inconvenience to the occupants of adjacent dwellings rendering them physically uncomfortable is a nuisance . . . [and that] [i]n applying this principle it has been repeatedly held that smoke, offensive odors, noise, or vibrations of such degree or extent as to materially interfere with the ordinary comfort of human existence will constitute a nuisance."
Morgan County Concrete Co. v. Tanner, 374 So.2d 1344 (Ala. 1979), citing Baldwin v. McClendon, 292 Ala. 43, 288 So.2d 761
(1974), and Coleman v. Estes, 281 Ala. 234, 201 So.2d 391
(1967).
I recognize that the Legislature, by adopting Ala. Code 1975, § 6-5-125, has authorized courts to enjoin an anticipated nuisance, but this Court has, within the past 15 years, interpreted that statute to require that the nuisance to be enjoined be a nuisance per se. Gilmore v. City of Monroeville,384 So.2d 1080 (Ala. 1980); McCord v. Green, 555 So.2d 743
(Ala. 1989); and R D Trucking Co. v. Carter, 592 So.2d 1040
(Ala. 1992). Today, many of the Justices who joined in those opinions believe that the principle of law stated in those opinions is wrong, and that those cases should be overruled, something the Court refused to do the last time this Court had an occasion to consider this question. In R D Trucking Co. v.Carter, 592 So.2d at 1041, the question of a trial court's authority to enjoin an anticipated nuisance pursuant to §6-5-125 was squarely and specifically presented, and this Court stated:
 "The eight members of this Court who were members of this Court on December 8, 1989, had occasion to rule on the authority of a trial court to enjoin an anticipated nuisance pursuant to § 6-5-125. McCord v. Green, 555 So.2d 743 (Ala. 1989). McCord v. Green is definitive and comprehensive in its treatment of the subject. . ..
". . . .
 "In McCord v. Green, 555 So.2d at 746, this Court wrote:
 " 'This Court reaffirms that the extraordinary powers authorized by § 6-5-125 should be exercised only when the complainant has shown to a reasonable degree of certainty that the act or structure he seeks to enjoin will be a nuisance per se.'
 "In McCord v. Green, 555 So.2d at 745-46, this Court also provided a definition of 'nuisance per se' and some elaboration on that definition:
 " 'A nuisance per se is an act, occupation, or structure that is a nuisance at all times and under any circumstances, regardless of location or surroundings. 66 C.J.S. Nuisances § 3 (1950). The nuisance per se doctrine has long been recognized by this Court and was restated with approval in Gilmore v. City of Monroeville, 384 So.2d 1080 (Ala. 1980). The number of nuisances per se is necessarily limited. See 58 Am.Jur.2d, Nuisances § 16 (1989). Generally, activities or structures that are not illegal are not nuisances per se. [Citations omitted.]' "
I am not a believer in a slavish adherence to a precedent that is wrong, but when this Court squarely and forthrightly addresses a question, as it did in R D Trucking Co. v.Carter, and refuses to change the law, it would seem that persons would have a right *Page 220 
to rely on that law unless it was changed by the Legislature. Consequently, I would apply the definition of "nuisance per se" in those prior cases to the facts in this case, not only because I think that interpretation is correct, but because I believe that the law, especially the law relating to property rights, should be stable.
Applying the principles of law in those prior cases, one cannot rationally argue that a racetrack is a nuisance at all times and in all places. See, Peter G. Guthrie, Annotation,Automobile Racetrack or Drag Strip as Nuisance, 41 A.L.R.3d 1273 (1972).[2] Because I believe that the plaintiffs failed to prove that the racetrack would be a nuisance per se, I believe the trial court erred in enjoining its completion.
There is another reason why I believe that the injunction should not have been issued in this case. A person's right to use and enjoy his or her property is extensively regulated by zoning laws, especially in incorporated municipalities. Increasingly, legislative bodies, at all levels of government, have extended zoning and use laws and regulations to encompass properties located in unincorporated areas and have extended the scope of those laws and regulations to deal with the public's concern for the environment. For example, the subject property is located in Shelby County, outside any incorporated area, and insofar as I am aware, the racetrack that was enjoined is not prohibited by any zoning regulation, law, or ordinance[3]
The judicial branch of government traditionally has been given the power to enjoin nuisances. This is a power courts can use to protect property rights, and in appropriate cases it should be used; but it would appear to me that property owners, such as the plaintiffs in the present case, could best protect their rights by appearing before zoning boards or other authorities vested with the power to control the use and enjoyment of property, to assure its more orderly and planned development. Zoning laws and regulations generally exist for the protection of the public and the property owners in the free use and enjoyment of their property.
Because properties outside incorporated areas are increasingly becoming the subject of zoning laws and regulations, the court's use of the power granted to it by § 6-5-125 would appear less and less important, especially since courts are rarely equipped to decide land use problems.
I recognize that courts have the power to enjoin a nuisance. I realize that this Court's case law states that a nuisance may exist notwithstanding the fact that the defendant's conduct is lawful and is performed in a proper manner.[4] I am also aware that the Legislature has provided that "[t]he fact that the act done may otherwise be lawful does not keep it from being a nuisance."[5] Nevertheless, I believe that this Court's comparatively recent decisions interpreting the provisions of §6-5-125 are sound. I also believe that these plaintiffs were aware of all zoning laws and regulations affecting their property and adjoining properties, or the lack of such laws or regulations, and, if they were dissatisfied with the zoning of adjacent properties, could have sought, and may have obtained, favorable zoning regulations to protect their interests. *Page 221 
Based on the foregoing, I must respectfully dissent.
[1] Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17
(Ala. 1983); State ex rel. Abernathy v. City of Sheffield,428 So.2d 5 (Ala. 1982); First National Bank of Oxford v. Whitmore,339 So.2d 1010 (Ala. 1976); Nininger v. Norwood, 72 Ala. 277
(1882).
[2] The following cases support the general view that an automobile racetrack or drag strip is not a nuisance per se, although it may under particular circumstances become a nuisance per accidens: Hooks v. International Speedways, Inc.,263 N.C. 686, 140 S.E.2d 387 (1965); Jones v. Queen CitySpeedways, Inc., 276 N.C. 231, 172 S.E.2d 42 (1970) (the operation of a motor vehicle speedway is a lawful enterprise, and its operation is not a nuisance per se, but under varying circumstances, the operation of a speedway could be a private nuisance in fact); Smilie v. Taft Stadium Board of Control,201 Okla. 303, 205 P.2d 301 (1949); Bedminster Tp. v. VargoDragway, Inc., 434 Pa. 100, 253 A.2d 659 (1969).
[3] See Bailey v. Shelby County, 507 So.2d 438 (Ala. 1987), which challenged the constitutionality of local acts and delegation of zoning power to the Shelby County Planning Commission (Act No. 82-771, Ala. Acts 1982, created the Shelby County Planning Commission).
[4] See, e.g., Coleman v. Estes, 281 Ala. 234, 239, 201 So.2d 391,395 (1967); Alabama Power Co. v. Stringfellow, 228 Ala. 422,425, 153 So. 629, 631 (1934); City of Selma v. Jones, 202 Ala. 82,79 So. 476 (1918)
[5] Ala. Code 1975, § 6-5-120