# Reynolds *v.* McWilliams.

### *Mandamus to State Auditor, at Suit of Sheriff.*

*Sheriff's right to office not questionable by auditor.* — The state auditor cannot refuse to audit the accounts of a sheriff for feeding prisoners and conveying convicts to the penitentiary, on the ground that he is not sheriff *de jure*, when he is in possession of the office, and performing its duties, after due qualification, under appointment by the governor.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This was an application by E. C. McWilliams, for a writ of *mandamus* to R. M. Reynolds, state auditor, to compel that officer to audit the accounts of the petitioner, as sheriff of Wilcox County, for feeding prisoners and conveying convicts to the penitentiary. The petitioner alleged that he was the sheriff of said county, having been appointed by the governor to fill a vacancy in the office, and having given bond, which was approved by the proper officer, and taken the oath prescribed by law. An answer was filed by the respondent, admitting that the petitioner had received the governor's commission, had qualified under it, and was acting as sheriff; but denying that he was the lawful sheriff of said county, and alleging that no vacancy in fact existed in the office at the time of his appointment; that one M. G. Candee had been elected sheriff of said county, and had given a good and sufficient bond within the time required by law; that the probate judge refused to accept said bond, and certified a vacancy to the governor, who there-

[Reynolds *v.* McWilliams.]

upon appointed and commissioned said McWilliams; and that no proceedings had been instituted to declare a vacancy in the office, or the forfeiture thereof by said Candee. The Circuit Court awarded a peremptory *mandamus* on the answer, and its judgment is now assigned as error.

ALEX. WHITE, for appellant. — 1. The law is settled in this State, that the answer to a *mandamus* is to be taken as true, and cannot be traversed, as in England. *Tarver* v. *Commissioners' Court of Talladega*, 21 Ala. 661–668; *Ex parte Candee*, at January Term, 1872. The petitioner bases his right to the relief which he asks, on the ground that he is the sheriff of said county; and the answer, while admitting that he has been appointed to the office, and is acting as sheriff, asserts that he is not the sheriff of said county, and that there was in fact no vacancy in the office at the time of his appointment. These averments of the answer destroy all right to the relief sought.

2. *Mandamus* only lies where there is a clear legal right. *Withers* v. *Posey*, 36 Ala. 360. The petitioner has not shown such clear legal right. On the facts of the case, he is, at most, an officer *de facto*, whose acts are to be held valid, so far as they concern the rights of the public or third persons, in order to prevent a failure of justice, but are not sufficient to support a right of action on his part. Possession of an office, under color of right, may serve as a shield for defence, but cannot be converted into a weapon of attack, to secure the fruits of usurpation. When a person claims by action a public office, or the incidents of a public office, such as the salary or fees, he can only recover on proof of title. *People* v. *Tieman*, 30 Barbour, 193; *Patterson* v. *Miller*, 2 Metc. 493; *Venable* v. *Curd & White*, 2 Head (Tenn.), 582; *Gourley* v. *Hawkins*, 2 Clarke (Iowa), 75; *Carroll* v. *Liebenthaler*, 39 Cal. 193; 31 Indiana, 429; *Glasscock* v. *Lyons*, 20 Indiana, 1; *Neale* v. *Overseers*, 5 Watts, 538; *Riddle* v. *Bedford County*, 7 Serg. & R. 386; 9 Mass. 231.

3. There was no vacancy in the office at the time of the petitioner's supposed appointment. The mere failure of an officer elect to file a bond within the time prescribed by law does not create a vacancy. *The State* v. *Falconer*, 44 Ala. 696; *Sprowl* v. *Lawrence*, 33 Ala. 674; *The State* v. *Ely*, 43 Ala. 568; *Hill* v. *The State*, 1 Ala. 559; *Wammack* v. *Holloway*, 2 Ala. 31. These authorities show, also, that when an office is created by the Constitution, the officer derives his title from the election, and not from the commission, which is merely the evidence of his right; and that a vacancy can only be declared in a direct proceeding for that purpose.

[Reynolds v. McWilliams.]

4. This court has expressly decided that Candee was entitled to the office. *Ex parte Candee*, 48 Ala. 386.

WATTS & TROY, *contra.* — 1. McWilliams was certainly a sheriff *de facto*, and his right to the office was a question which the respondent could not raise. *Stonum* v. *Mayo*, 2 Ala. 390 ; *Hooper* v. *Scarborough*, at January Term, 1873 ; *Hill* v. *The State*, 1 Ala. 561. The auditor, as one of the executive officers of the State, was bound to recognize his commission as valid, until it was declared void by competent authority, so long as the petitioner acted under it. If the auditor could thus question the validity of an appointment or election to any one particular office, he could exercise the same right over every officer in the State, and thus stop the whole machinery of the government.

2. The governor's commission to McWilliams authorized him to act as sheriff until the appointment was declared void, or until some other person was declared legally entitled to the office. It clothed him with all the powers and authority of the office, and imposed on him all its duties and liabilities. It was made his duty to perform the services for which he seeks compensation, and he would have been indictable for a failure to perform that duty. Having performed the duty thus imposed on him, no third person can question his right to the compensation. His right to the office can only be settled in a direct proceeding for that purpose. *Sprowl* v. *Lawrence*, 33 Ala. 690 ; *Duke* v. *Cahaba Navigation Company*, 16 Ala. 372 ; *Harrell & Croft* v. *Ellsworth*, 17 Ala. 576 ; *Hood* v. *Peake*, 8 John. 54 ; *Wilcox* v. *Smith*, 5 Wendell, 233 ; *Heath* v. *The State*, 36 Ala. 273 ; *Bean* v. *Thompson*, 19 N. H. 290 ; *Burton* v. *Patten*, 2 Jones (N. C.), 124 ; *Satterlee* v. *San Francisco*, 23 Cal. 314 ; *Leach* v. *Cassidy*, 23 Indiana, 444 ; *Conover* v. *Devlin*, 24 Barbour, 587 ; *Ronkendorff* v. *Taylor*, 4 Peters, 349 ; *Cocke* v. *Halsey*, 16 Peters, 78 ; 4 Iredell, 355, 368 ; 3 Brevard, 516 ; 19 Conn. 489 ; 1 Texas, 653 ; 14 Barbour, 396 ; 2 Metc. (Ky.) 496 ; 1 Ib. 138.

B. F. SAFFOLD, J. — The appeal is from a peremptory *mandamus*, after answer, tô the auditor of the State, to audit the accounts of the appellee for feeding prisoners and transporting convicts to the penitentiary, as sheriff of Wilcox County. The answer of the auditor admits that the applicant was in possession of the office of sheriff, under appointment of the governor, after due qualification, by giving bond and taking the requisite oath of office. But it denies that there was a vacancy at the time of his appointment, and alleges that M. G. Candee was the lawful sheriff by election and due qualification. It is not disputed that the accounts are proper

[Reynolds *v.* McWilliams.]

charges against the State, or that the applicant rendered the services and incurred the expenses, in the capacity of sheriff. The question to be decided is, whether his right to receive the compensation depends upon his lawful right to the office: whether the auditor can make that issue with him, in the matter of auditing his accounts.

Before the auditor can be required to audit the proper charges of a sheriff, and to issue his warrant therefor on the state treasury, he must be informed by some evidence that the person making the application is the sheriff. He must be satisfied that he is not a mere pretender to the office, or a usurper intruding himself into it without color of right. If he knows that the claimant, though elected or appointed by competent authority, has failed to comply with indispensable prerequisites to entering upon the duties, such as giving bond, or taking an oath, or is holding over after the expiration of his term without any provision by law, he may refuse to recognize his right, and the court will not compel him to do so. *Rounds* v. *Bangor*, 46 Maine, 541 ; *People* v. *Tieman*, 30 Barb. 193 ; *Riddle* v. *Bedford*, 7 Serg. & R. 386. The reason of this is, that the claimant has never perfected his right to the office, or it has ceased, within his knowledge. He is a wrong-doer, and the law will do nothing to encourage him, apart from the protection due to third persons and the public generally.

But, when the appointment or election is made under competent authority, and all necessary prerequisites have been complied with, if the claimant is in the discharge of the duties of his office for the term for which he was elected or appointed, he cannot be interfered with, except by a direct proceeding to set aside or annul his claim. This is partly in his interest, because he ought not to be held responsible for errors committed, without fault on his part, by the appointing power. In *Wood* v. *Peake* (8 Johns R. 54), where the defendant, in an action of trespass for taking goods, justified as constable under competent appointment, testimony offered to impeach the appointment, on the ground that there was no vacancy, was held inadmissible. The court made the distinction of voidable appointments, as from a source possessing jurisdiction over the subject matter, and void ones, as from one that does not.

In *Cocke* v. *Halsey* (16 Peters, 78), in reference to the authority of a clerk *pro tempore* of the Probate Court to receive a deed of trust for record, the court said : " In every instance in which a tribunal has decided upon a matter within its regular jurisdiction, its decision must be presumed proper, and is binding until it shall be regularly reversed by a superior authority ; and cannot be affected, nor the rights of persons dependent upon it be impaired, by any collateral proceeding."

This principle was applied to the case of the clerk, who, being properly appointed by the judge, on account of the absence of the regularly elected clerk, was supposed to have been holding over beyond the authority of the judge to appoint at the time he received the deed of trust. The appointment of the clerk, and his acts when so appointed, were considered to rest upon a foundation still broader and firmer than that which sustains the actings of an officer *de facto*. " By the investiture of the power of appointment, it remained with the judge (of probate), in the exercise of judicial discretion, to decide upon the propriety and necessity for the execution of the power. He did decide upon them, and he must be presumed to have decided properly."

In *Conover* v. *Devlin* (24 Barb. 587), the office of street commissioner of the city of New York had become vacant. Conover was appointed to it by the governor, and qualified, and took possession of it. But the deputy street commissioner, who was rightfully in possession of the books and papers during the vacancy, refused to surrender them to him. He was forcibly ejected from the premises occupied as the office, and soon afterwards Devlin entered the rooms, and took possession of the books and papers, under appointment by the mayor and aldermen. Conover then applied for an order and warrant by which he should obtain the books and papers, under a statute very similar to ours for the same purpose. The court refused to consider any question of the title to the office between the claimants. The possession under color of title, held by Conover, was said to be sufficient to entitle him to the books and papers. On the other hand, the best possible right to the office was said not to entitle a party to the benefit of the proceeding, while it was apparent he was not in the occupancy of the office, and not in a situation to exercise the functions of it. His remedy is by the action of *quo warranto*. It was further held, that the rights of Conover, acquired by prior possession, could only be divested by legal measures, and were in no wise affected by his ejection by unauthorized force. This authority is the more appropriate as the proceeding is well adapted to ascertain the *de facto* officer.

In *Wilcox* v. *Smith* (5 Wend. 233), a constable, sued in trespass *de bonis asportatis*, was justified in executing process regular on its face, although the officer issuing the process was but an officer *de facto*. The court said, the principle established by the authorities is, that " an individual coming into office by color of an election or appointment is an officer *de facto*, and his acts in relation to the public or third persons are valid until he is removed, although it be conceded that his election or appointment was illegal. His title shall not be inquired into.

[Reynolds *v.* McWilliams.]

The mere claim to be a public officer, and the performance of a single, or even a number of acts in that character, would not, perhaps, constitute an individual an officer *de facto*. There must be some color of an election or appointment, or an exercise of the office, and an acquiescence on the part of the public, for a length of time which would afford a strong presumption of at least a colorable election or appointment."

In *Heath* v. *The State* (36 Ala. 273), the accused, indicted for resisting arrest, undertook to defend, on the ground that the constable whom he resisted was ineligible to the office. The court said it was sufficient if he was exercising the duties of constable, under color of an election. In *Sprowl* v. *Lawrence* (33 Ala. 674), it was decided that, in a suit upon the bond of a sheriff *de facto*, neither he nor his sureties could allege he was not sheriff *de jure*.

The appellant does not deny the validity of the acts of officers *de facto*, when they concern the public, or third persons. But he contends, that where the act is for the benefit of the officer, a different rule prevails. It is so stated in *Flournoy* v. *Clements* (7 Ala. 535), " because he shall not take advantage of his own want of title, of which he cannot be ignorant." This is the principle supported in 46 Maine, 30 Barbour, and other cases *supra*.

The rule is a just one when the incumbent knows he is not entitled to the office, and is acting wantonly or recklessly. But in all other cases his rights towards the public and third persons ought to be the same as theirs towards him. He is the lawful incumbent, except in a direct proceeding to oust him. Even the *de jure* officer cannot question his right, in a suit to recover the emoluments of the office. If he cannot defend in all cases where he can be defended against, saving his wanton usurpation, or holding over contrary to law, he is exposed to needless peril, to the demoralization of the people, who are thus taught to assail the authority of all officers, speculating upon the chances of escaping punishment. His accountability to the State, and to the rightful claimant, are generally sufficient to suppress the individual assertion of any very doubtful right to the office.

The auditor occupies the relation of third person to the sheriff. If he may question the validity of his incumbency, in respect to auditing his claims against the State, and test the matter by suit, so may each suitor in court who may owe him fees ; the judgment in every case being no bar to a suit between the sheriff and other parties on a like issue. Even a *de jure* sheriff would fail before such repeated assaults. It is manifest that the ordinary muniments of title to an office must

[Mobile Mutual Insurance Company *v.* Cullom.]

suffice to establish the right of the incumbent, whenever it is collaterally called into question.

The judgment is affirmed.