(89 South. 371)

HENRY v. WALDROP, Clerk. (6 Div. 282.)

(Supreme Court of Alabama. May 19, 1921.)

1. Sheriffs and constables ⬅82—Area within which precinct constable must serve matter for Legislature.

Within his county the area within which a precinct constable may or must officially serve is a matter for the Legislature, under Const. 1901, § 168, requiring the election of a constable in each precinct.

2. Animals ⬅4—Sheriffs and constables ⬅82—Constable's authority to report unregistered dogs restricted to own precinct.

Under Dog Registration Act Sept. 30, 1919, §§ 11, 12, and 15, and Code 1907, §§ 3324, 3328, 3329, and Const. 1901, § 168, a constable's authority to ascertain and report delinquency in registration of dogs is restricted to his own precinct, and fees for such service beyond his precinct cannot be demanded as a condition of registration.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Petition of E. Baker Henry for mandamus to compel Wm. J. Waldrop, as Clerk of the Circuit Court of Jefferson County, to register a dog under Acts 1919, p. 1077. From a decree sustaining demurrers to the petition, petitioner appeals. Reversed, rendered, and remanded.

Ellis & Matthews, of Birmingham, for appellant.

No brief reached the Reporter.

Thomas J. Judge, of Birmingham, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. This proceeding is by writ of mandamus to require the respondent, as circuit clerk, to register petitioner's dog under the provisions of the Dog Registration Law of September 30, 1919 (Gen. Acts 1919, p. 1077).

Petitioner's application for registration being made later than October 15, 1920, he tendered therewith $2.25, which included the double license fee required by section 12 of the act, and also the clerk's fee of 25 cents. As a condition to the registration of petitioner's dog, the clerk demanded of him the payment of a constable's fee of $2.50, taxed in favor of the constable of precinct 9 of Jefferson county for his service in ascertaining and reporting petitioner's delinquency in the registration of his dog.

Petitioner is a resident of precinct 37 in Jefferson county, where he kept the dog, and the dog was never kept in precinct 9. Petitioner's contention is that the constable of precinct 9 was without authority under the law to act upon petitioner's delinquency in another precinct, and hence that the fee in question was improperly taxed, and that payment of it could not be exacted by the clerk as a condition to registration. This is the only question presented by this appeal.

Section 168 of the Constitution requires the election of one constable in each precinct of every county not lying within, or partly within, an incorporated town of more than 1,500 inhabitants, and authorizes legislative provision for the election of one constable for each precinct lying within or partly within, such incorporated towns. The Constitution does not prescribe the powers and duties of constables, nor define the area in which they must or may render official service, leaving those matters to the discretion of the Legislature.

Section 3324 of the Code provides for the election of one constable "for each election precinct in each county in the state." Section 3329 prescribes his duties, as to which he is not restricted to the limits of his own precinct, except as to his attendance upon justices' courts. Section 3328 makes every constable "a conservator of the peace within his county."

[1, 2] It is entirely clear that within his county the area within which he may or

must officially serve is a matter of legislative prescription, to be ascertained, with respect to any particular duty, from the terms of the statute which imposes it.

By section 11 of this act it is—

"made. the duty of all sheriffs and constables and license inspectors to kill on sight any dog found by them running at large, not wearing the identification tag showing the registration number of said dog, or not wearing a muzzle provided by this act. And any sheriff or constable who fails to discharge this duty * * * within five days after a dog has been reported to him as running at large, contrary to the provisions of this act, shall be guilty of a misdemeanor, * * *" unless he has made reasonable and diligent effort to kill such dog.

Under section 12:

"Sheriffs and constables shall be required to ascertain and report to the probate judge all delinquencies in the registration and payment of the registration fees required by this Act, and shall be entitled in the case of each such delinquency reported by him to a fee of $2.50 which shall be taxed and collected as costs. * * *"

Under section 15, which provides for muzzling (as referred to in section 11), it is provided that all dogs found running at large without muzzles, as required—except fox or deer hounds wearing specified collars—"shall be killed by the constable of the beat, or the sheriff and license inspectors, as provided by this act."

The duty to kill dogs unlawfully at large without a muzzle is thus, as to constables, restricted to the constable of the beat where such a dog is found. When a dog is unlawfully at large without a registration tag, the area within which a constable is thus commanded to act is not expressly restricted; but, in view of the criminal penalty inflicted upon him for failing to act diligently to that end within five days after notice to him of the offense, we are satisfied that the Legislature did not intend to burden constables with the onerous duty of traveling outside their own beats, possibly to some point 30 or 40 miles away, for the doubtful compensation of 50 cents, when the local constable could and should perform the duty required.

With respect to the particular duty here in question, viz. "to ascertain and report to the probate judge all delinquencies in the registration and payment of registration fees required by this act," the consideration above adverted to seems convincing and conclusive. Certainly the Legislature could not have intended to impose upon every constable in the county the extraordinary duty of a county-wide search for delinquent dogs. Every consideration of convenience and propriety and economy of service would restrict the mandate thus laid upon each constable to action within his own precinct, and, thus restricted, it would be capable of reasonable performance.

If the statute merely granted authority to constables to do the things in question, a broader field of action might be reasonably intended. But authority is found only in the mandate, and hence cannot be territorially extended beyond the scope of the mandate itself.

It results from the views above expressed that the fee of $2.50 taxed against petitioner was not authorized by law, and he was entitled to a registration of his dog upon the showing made by the petition.

The judgment sustaining the demurrer to the petition will be reversed, and a judgment will be here rendered overruling the demurrer, and remanding the cause for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.