(89 South. 714)

**WALDROP, Clerk, v. COURSON, Constable.**
**(6 Div. 471.)**

(Supreme Court of Alabama. June 16, 1921.)

**Sheriffs and constables ⚿28—Constable held not entitled to collect fees for services in other precincts.**

A constable, who has performed services in other precincts over which he had no jurisdiction, in reporting delinquencies under the Dog Registration Law, cannot recover fees therefor from the circuit clerk, since he was neither a de jure nor a de facto officer as to that particular service.

Appeal from Circuit Court, Jefferson County; George P. Bondurant, Special Judge.

Action by George W. Courson, as constable, against William J. Waldrop, as clerk, to recover certain fees alleged to have been earned by him. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Suit on common count by appellee as constable against appellant as circuit clerk, to recover constable fees collected by the defendant under the color of his office as clerk of the circuit court of Jefferson county, in the collection of funds from owners of dogs under the Dog Registration Law of September 30, 1919 (Gen. Acts 1919, p. 1077). The cause was submitted on agreed statement of facts, in substance as follows: The plaintiff is a duly elected and qualified constable of precinct 9 of Jefferson county, and was in the discharge of his duties as such during the year 1921; and defendant is properly in the discharge of his duties as circuit clerk of said county. That plaintiff during the year 1921 ascertained and reported to the probate judge of Jefferson county 425 delinquencies in the registration and payment of the registration fees required by the aforesaid act. That these delinquents were reported and cited by the plaintiff, as constable, to appear and pay the registration fees, and that said persons came in and paid a fee of $2.50, without protest, to the clerk of said circuit court; and that said persons so delinquent resided in Jefferson county, but in precincts other than precinct nine. It was further agreed that the constable acted under color of an opinion, and on the advice of counsel, and that the money sued for is now in the hands of defendant, and that he refused to pay same on demand. There was judgment for the plaintiff, from which the defendant prosecutes this appeal.

Ellis & Matthews, of Birmingham, for appellant.

The court should have rendered judgment for the defendant. Henry v. Waldrop, ante, p. 135, 89 South. 371.; Gen. Acts 1919, p. 1079.

Thomas J. Judge, of Birmingham, for appellee.

The constable was acting as a de facto officer and is entitled to compensation. 29 Cyc. 1430; 122 Iowa, 745, 98 N. W. 562, 10£ Am. St. Rep. 296; 38 Utah, 286, 112 Pac. 801, 32 L. R. A. (N. S.) 949, Ann. Cas. 1913B, 640. The delinquent dog owner could not recover the fee paid to the clerk. 141 Ala. 495, 37 South. 844, 3 Ann. Cas. 106.

GARDNER, J. The plaintiff in this action, as constable of precinct 9 in Jefferson county, Ala., ascertained and reported a large number of delinquencies in the payment of the registration fees provided for by what is known as the Dog Registration

Law. Acts 1919, p. 1077. Under section 12 of said act a fee of $2.50 is provided for each such delinquent so reported, which should be taxed and collected as costs in the case. These fees were collected from the owners of the dogs by the circuit clerk, and the constable brings this suit for the recovery thereof.

The agreed statement of facts discloses that none of these delinquencies were from precinct 9, but that the owners of the dogs so reported and cited as delinquent resided in Jefferson county, but in precincts other than precinct 9. The sole question for determination therefore is whether or not the constable of precinct 9 may recover these fees.

In Henry v. Waldrop, present term, 89 South. 371,[1] it was held that the duties of constable of precinct 9 in regard to this particular law were confined to that particular precinct, and that owners reported and cited as delinquent by him, who resided outside of his precinct, were under no duty to pay the fee of $2.50.

Counsel for appellee insists, however, that authority is not conclusive here, for the reason the fees were voluntarily paid by the owners, and that the plaintiff as a de facto constable, having performed the services, is entitled to the compensation, citing Peterson v. Benson, 38 Utah 286, 112 Pac. 801, 32 L. R. A. (N. S.) 949, Ann. Cas. 1913B, 640; Brown v. Tama County, 122 Iowa, 745, 98 N. W. 562, 101 Am. St. Rep. 296. The case of Peterson v. Benson, supra, has a valuable note with the citation of many authorities pertaining to the right of a de facto officer to maintain an action for services rendered. These authorities, however, are without application here, and the right of recovery by such de facto officer need not be considered. This for the reason that it clearly appears plaintiff, for purposes here involved, was not a de facto officer within the meaning of any of these decisions. He was constable of precinct 9, and did not pretend to be constable of any other precinct. The constable of the precinct in which the delinquent dog owners resided was the proper person to ascertain and make these reports. The plaintiff claimed no title to any such office, but merely under a mistaken belief as to his authority under the act here in question invaded the precincts over which the other constables had jurisdiction, and performed services unauthorized by law.

"One of the judicial prerequisites to the existence of a de facto officer is the possession of the office, and the performance of the duties attached to it. * * * It follows as a necessary consequence that there cannot be a de facto officer if a de jure officer is discharging the functions of the office in question." 29 Cyc. 1391.

"A de facto officer must be in fact the officer. He must be in the actual possession of the office, and have the same under his actual control. * * * If the officer de jure is in possession of the office, if the officer de jure is also the officer de facto, then no other person can be an officer de facto for that office." McCahon v. Comm. of Leavenworth County, 8 Kan. 437.

A discussion of a de facto officer is found in our own authority of Cary v. State, 76 Ala. 78, where the court said:

"Or, as we find the rule stated elsewhere, 'the mere exercise of the functions of an office will not be sufficient to make a person a de facto officer where there is no claim to the office under color of an election or an appointment, unless the exercise thereof has been open, notorious, and continued for such a length of time, without the public having interfered, as to justify the presumption that the party was duly appointed.'"

See, also, Reynolds v. McWilliams, 49 Ala. 552; note to Mattox v. Board of Education, 5 A. L. R. 572 et seq.

The plaintiff cannot therefore be said to have been acting as a de facto officer within the meaning of the authorities relied upon by counsel for appellee. As to this particular service, he was neither a de jure nor de facto officer. He has simply gone from without his jurisdiction into the jurisdiction of the other officers, performing duties which under the law properly devolved upon them. While he acted, no doubt, in entire good faith, yet, in view of the authority of Henry v. Waldrop, supra, we are constrained to hold he is without remedy for the collection of these fees.

The other phase of the argument of counsel for appellee, to the effect that the owners having made a voluntary payment cannot recover the same from the circuit clerk under the authority of Southern Ry. v. Mayor, etc., of Florence, 141 Ala. 493, 37 South. 844, 3 Ann. Cas. 106, need not be considered.

It results that the judgment appealed from will be reversed, and one here rendered in favor of the defendant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.