(122 So. 835)

## WOODS v. WOOD.   (7 Div. 871.)

Supreme Court of Alabama.   June 6, 1929.

524

Inzer, Inzer & Davis, of Gadsden, for appellant.

Hood & Murphree, of Gadsden, for appellee.

BOULDIN, J. "Gadsden Inferior Court" was created by local act of August 26, 1927. Local Acts 1927, p. 294. It has jurisdiction in lieu of justices of the peace in precincts Nos. 1 and 26 in Etowah county.

This is a proceeding by mandamus instituted by the constable elected and qualified in precinct No. 1 against the judge of such inferior court to require him to place process of the court in the hands of petitioner for execution.

Process of such court is directed to "any lawful officer of Etowah County," and shall be executed by the "sheriff, one of his depu-ties or a constable." Section 8 of Creative Act (Laws 1927, p. 295).

In a hearing upon petition and answer, or upon demurrer testing the sufficiency of the answer, the facts set up by answer in denial or avoidance are taken as true.

Facts alleged in the petition and not denied in the answer are taken as true.

Thus considered, the facts are that the judge of such court has not placed any of the process issuing from his court in the hands of the constable for execution, has refused on demand to do so, and has declared a purpose to so continue. The judge does not question the competency of the constable to execute process; but proceeds on the idea that he has an absolute discretion in the matter, that in his judgment the work can best be handled by one man, and accordingly continues to deliver process to a deputy sheriff acting in that capacity when petitioner was elected. He also appoints special constables in emergency cases.

The office of constable is recognized in the Constitution. In each precinct lying wholly without the corporate limits of a town of 1500 or more inhabitants the election of two justices of the peace and one constable is made mandatory. When one or more precincts lie within or partly within such town or city, the Legislature is vested with a discretion to provide an inferior court in lieu of all justices of the peace. Constitution, § 168.

The Legislature is left free in providing executive officers for such inferior courts, except as this may result from other constitutional provisions.

By statute a constable is made a conservator of the peace within his county. Code, § 6798.

While he is required to attend the circuit court when summoned by the sheriff, and has some other duties, he may be deemed primarily the executive officer of his precinct and of the justice courts sitting therein. Code, § 6799.

These constitutional and statutory provisions are to be kept in mind in construing the Gadsden inferior court act. The civil process of such court is directed to the same officers as like process from justices of the peace. Code, §§ 8709, 8731, 8753.

We do not question that the judge of this court is vested with a discretion, no less than that of a justice of the peace, in placing process in the hands of the sheriff, a deputy acting for and under him, or a constable.

In this regard this case differs from that of Jeter v. State, 218 Ala. 12, 117 So. 460, dealing with the Birmingham Municipal Court Act (Loc. Acts 1915, p. 231). There, as here, the sheriff and constables were made executive officers of the court, with a further provision that each constable has the "right to demand" process for execution in his precinct.

Dealing with the discretion vested in

the judge of the Gadsden inferior court, the law intends to make available more than one officer to the end that process may be promptly executed. In emergency cases special constables may be appointed. The justice or judge invested with like powers is the judge of such emergency in so far as relates to the legality of the appointment and the official acts of the appointee. Noles v. State, 24 Ala. 672. Many contingencies may be imagined wherein the prompt and effective administration of justice may suggest that process be turned over to one officer rather than another.

This court would not set such bounds upon the discretion given by law in such cases as to defeat the purposes of such discretion.

■ But we are not prepared to say the discretion here involved is an arbitrary power to determine who shall be the lawful executive officers of the court. To say one of the officers named by law shall have none of its process which he is competent, ready, and willing to serve is to arbitrarily deprive him of the emoluments thereof; is to abolish an office created by law in so far as made an officer of that court.

In thus construing his legal discretion, the judge of that court misconceives his legal duty. We think the constable has a clear legal right to have official recognition in the execution of process without arbitrary discrimination.

■ Can this error be remedied by mandamus? The general rule is recognized that mandamus is the appropriate remedy to effect the performance of one specific act, where there is a clear legal right. The supervision of a continuous course of official conduct, speaking broadly, is not within the remedy by mandamus.

But in Jeter v. State, supra, this court did not refuse the remedy on such ground. In view of constitutional and statutory duty of higher courts to supervise by appropriate remedial writs the doings of inferior jurisdictions, only the strongest reasons should impel the court to deny such relief, where the inferior tribunal has misconceived the legal principles governing the course pursued and led to a denial of a clear legal right for which no other remedy exists.

Where a right to public office is effectually denied, mandamus is recognized as the proper remedy in Ex parte Candee, 48 Ala. 386, 398. Moses on Mandamus, 14.

Notwithstanding some difficulty in framing a writ of mandamus so as to correct the abuse of discretion without denying an advised and just exercise of discretion in keeping with the purposes for which it is given, we think it should not be denied in cases such as this.

As suggested in the Jeter Case, public officials who pursue a wrong course because of error in conceiving their legal duties are presumed to welcome correction, and to speedily set themselves on a proper official course when made known to them. No continuing supervision is necessary.

■ We conclude the trial court was not in error in awarding mandamus. But we think mandamus awarded went too far in commanding respondent to turn over to petitioner "such process issuing out of his court to be served in beat No. 1 of Etowah County as the said J. E. Wood is qualified to serve."

The jurisdiction of the court extends over two precincts. This jurisdiction is a unit. We see no legislative intent to recognize inside precinct lines in placing process. The Legislature has full power to confer on a constable authority to execute process throughout the jurisdiction. Henry v. Waldrop, 206 Ala. 135, 89 So. 371.

We think the creative act contemplates that a constable shall have like authority with the sheriff in executing process anywhere within the court's jurisdiction. To require the judge to ascertain the precinct in which each process is to be served might impose an unwarranted burden on the judge of that court.

If the constable is recognized as an officer with the right to have process for execution approximating in quantity and value of fees and commissions such as would come to him as constable acting for a justice of the peace in his precinct, he will have no cause of complaint.

Not all process which the constable is "qualified" to serve in a legal sense is due to be turned over to him. If he is not presently available, or for any reason some other officer may, in the fair judgment of the judge of the court, be expected to execute the particular process more promptly and efficiently, he has the discretion to deliver it to such other officer.

■ The mandamus should command respondent not to discriminate against petitioner in delivering process for execution; and to turn over to him for execution process of the court which in the fair judgment of the respondent the petitioner is qualified, ready, and able to execute promptly and effectively, and in fair and reasonable proportion.

For error in defining the relief granted and failure to properly limit the same, the judgment is reversed, and cause remanded for further proceedings in keeping with this opinion.

Reversed and remanded.

All the Justices concur, except BROWN, J., not sitting.