6 So.2d 483

**MATHEWS, Judge, v. STEPHENSON, Clerk.**

6 Div. 959.

Supreme Court of Alabama.

Jan. 15, 1942.

Rehearing Denied March 12, 1942.

Erle Pettus, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellee.

412

THOMAS, Justice.

The petition was for a writ of prohibition by the clerk of the court to the judge of the Municipal Court of Bessemer,

Appropriate pleadings in contempt proceedings have been adverted to in Ed Wetzel v. Bessemer Bar Ass'n, Ala.Sup., 5 So.2d 722,[1] and in Re James H. Willis et al., Ala.Sup., 5 So.2d 716.[2] The leading authorities in this jurisdiction are collected in these most recent of our cases on the subject.

The substance of the clerk's petition and exhibit thereto appear in the statement of facts.

The reply to the inquiry of the instant clerk from our attorney general fairly well concludes the whole case, as we understand it. Among other things, the attorney general, Mr. Garrett, rendering the opinion, said substantially as follows:

The legal proposition for determination is: Where there is more than one officer with the authority to execute the processes of a court, and the statute is silent as to who shall determine what officer shall execute particular processes, who has the authority to determine the officer to execute each particular process, the judge of the court or the clerk of the court?

The Municipal Court of Bessemer was created by Act No. 140, S. 46, approved July 7, 1927, Local Acts 1927, p. 54. Section 5 thereof contains the provisions pertinent to the instant question, and reads as follows:

"Section 5. That the clerk of said court shall issue all processes out of said court, except warrants of arrest and writs of commitment which shall be issued by the judge of said court; the clerk shall approve all bonds in all cases; shall keep a docket of said court; shall certify all appeals and certioraries; but all judgments when required to be signed, shall be signed by the judge. The fees and costs now allowed to justices of the peace in said Jefferson County, shall be taxed and collected as now provided by law in such cases, or as may be hereafter provided by law in such cases, except as hereinafter provided for, and shall by the clerk of said court be paid into the county treasury. *The constables of said precincts [2 and 33], and the sheriff of said county, shall be the officers of said court, and shall execute all processes from said court, and make due return thereof;* and for their compensation shall receive the same fees as now provided by law for like services in the courts of justices of the peace in Jefferson County, which said fees shall be paid to the constables and sheriff and not into the county treasury. *That the judge of said court shall determine what officer or officers shall execute any criminal process issued by said court or the judge thereof.*"—[Emphasis supplied.]

The attorney general says, in part, as follows:

"It will be noted from the above quoted section of the act, and especially the emphasized portions thereof, that:

"1. The clerk of said court issues all processes out of said court, except warrants of arrests and writs of commitment which are issued by the judge of said court;

"2. The constables of precincts 2 and 33 and the sheriff of Jefferson County are the officers of the court charged with the duty of executing all processes emanating therefrom;

"3. The judge of said court determines which of these officers *shall execute any criminal process issued by said court or the judge thereof.* [Italics supplied.]

\* \* \* \* \* \*

"Consequently, since the Legislature has seen fit to specifically designate the judge of the Municipal Court of Bessemer to determine what officer or officers shall execute any criminal process issuing from said court, and the statute is silent as to who shall determine what officer or officers shall execute civil processes emanating therefrom, it is my opinion that the well known legal maxim that the inclusion of one operates to the exclusion of all others applies and negatives the contention that the judge of the said court has the authority to determine what officer or officers shall execute civil processes emanating from said court. In my judgment, when the Legislature dealt with this matter in regard to criminal processes and invested the judge of said court with authority to determine what officer or officers should execute criminal processes, it would have also invested the judge of said court with the

---

[1] Ante, p. 164.    [2] Ante, p. 284.

authority to determine what officer or officers should execute civil processes emanating therefrom if it had intended that the judge of said court be invested with that authority. Since the Legislature failed to do this, it is my opinion that the clerk of the said court, who issues all civil processes, is the one invested with authority to determine what officer or officers shall execute the same. This, in my judgment, is in accordance with the legislative intent, and the legislative intent when ascertained is the law itself. City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159.

"It has been suggested that the case of Woods v. Wood, 219 Ala. 523, 122 So. 835, is authority for holding that the Judge of the Municipal Court of Bessemer, rather than the Clerk of said court, has the authority to determine what officer shall execute the civil processes emanating from said court; * * *. The act under consideration in that case set up the Gadsden Inferior Court in lieu of Justices of the Peace Courts in certain precincts in Etowah County, and the judge of said court acted both as judge and clerk, there being no clerk provided for said court, whereas the act creating the Municipal Court of Bessemer provided for a clerk of said court as well as a judge, and fixed the clerk's duties, which duties, so far as here pertinent, are set out in Section 5, supra.

* * * * * *

"The case of Jeter v. State, 218 Ala. 12, 117 So. 460, which is cited in the Woods case, supra, deals with the act creating the Birmingham Municipal Court, which act provided for a clerk of said court as well as a judge, which clerk was invested with the same authority in regard to the issuance of processes as is invested in you. Each of these cases was a mandamus proceeding by a constable to compel the turning over of certain processes to him, and it is interesting to note that in the Jeter case, where there was both a judge and clerk of the court, the mandamus was directed ·gainst the clerk, and not the judge, whereas in the Woods case, there being only a judge of the court and no clerk, the mandamus was directed against the judge. Since no point was raised in the Jeter case in regard to the mandamus proceeding being directed against the proper officer, it might be inferred therefrom that the clerk of the court, and not the judge, in the absence of a statutory provision in regard thereto, was invested with the authority to determine what officer or officers should execute the processes of the court.

* * * * * *

"(2) You have the right to distribute summonses and writs of garnishment issued by you (civil processes) to either of the constables who are officers of the said court with authority to execute the same (constables of precincts 2 and 33) or to the sheriff of Jefferson County, subject to the limitation laid down in the Woods case, supra."

The opinion of the attorney general, part of which is set out above, may be found reported in the Quarterly Report of the Attorney General of Alabama, Vol. 20, p. 198 et seq.

Such is the effect when the answer and bill of exceptions of the presiding judge are considered with the facts averred in the petition.

■■■■■ We should observe as to the power of the Municipal Court of Bessemer to make rules, that the legislature has seen fit to authorize the Supreme Court, the Court of Appeals and the Circuit Courts to make rules, but as to inferior courts and justices of the peace, no authority has been designated. Since the legislature saw fit to declare that the circuit court had authority to make rules, the rules of the circuit court, so far as applicable, will apply to the conduct of the business of the inferior courts.

It follows from the foregoing that the order on writ of prohibition, as prayed to issue to F. R. Mathews as Judge of the Municipal Court of Bessemer, Alabama, prohibiting him from trying S. G. Stephenson, as Clerk of the Municipal Court of Bessemer, on the charge of contempt, to which action of the court the defendant duly reserved exceptions, was without error.

Affirmed.

GARDNER, C. J., BROWN, and FOSTER, JJ., concur.