WRIGHT, Presiding Judge.
This is an appeal from an order setting aside a judgment in default on a third party complaint originally filed in district court.
Appellant Robert Smith was defendant in a suit in district court by John Deere Company for detinue of certain farm equipment. The complaint claimed damages in the amount of $5,000. Smith answered denying the allegations of the complaint and filed a third party complaint against appel-lee Elbert Saint. The complaint alleged that Smith had purchased the farm equipment in question from Saint, and that if John Deere recovered of Smith, Smith would be entitled to recover against Saint for breach of warranty of title. Smith’s complaint was served on Saint on March 16, 1981, and on April 8, 1981, a default was rendered against Saint for failure to appear.
Thereafter the district court entered an order dismissing John Deere’s detinue action against appellant Smith. The undisputed testimony in the case was that the value of the farm equipment was $10,000. Any judgment rendered in a detinue suit against either party must be for the property or its alternate value with damages for its detention to the time of trial. The district court reasoned that if it were to render a judgment for the property’s alternate *764 value ($10,000), it would exceed the court’s $5,000 jurisdictional limit.
John Deere appealed to the circuit court, and the question of jurisdiction was again raised. The circuit court determined that the district court should not have dismissed the case; rather, under § 12-11-9, Code of Alabama 1975, the district court should have transferred the case to the circuit court. The court further ruled that it had the authority to correct the district court in that regard, and transferred the case to itself by its own power.
Following a trial de novo, the circuit court rendered a judgment in favor of John Deere and against Smith on September 1, 1981. On September 16,1981, Smith filed a motion for revision of the judgment on the ground that it failed to dispose of his third party complaint against Saint. On October 2, the court revised its judgment by entering a judgment in favor of Smith against Saint on the third party complaint.
On November 2, 1981, Saint filed a motion to set aside the judgment against him on the ground of meritorious defense. The meritorious defense asserted by Saint was that the verbal agreement between Saint and Smith required Smith to pay John Deere all indebtedness owing upon the equipment.
After carefully reviewing the file in the case, the circuit court found that the third party complaint was filed in district court. Under Rule 14(dc), A.R.Civ.P., third party practice is not available in district court; no new pleading was filed in circuit court. Thus, the circuit court set aside its judgment for Smith against Saint on the ground that it did not have jurisdiction to render it. Smith appeals from this judgment.
The appellant does not raise on appeal the question of whether a circuit court judge has the authority to transfer a case from the district court under his general supervisory power. Rather than answer that question affirmatively by negative implication, this court raises it and finds that the circuit judge does not have that authority.
Section 12-12-10, Code 1975 gives the presiding judge of each circuit “general supervision of the administrative operation of the district courts within the circuit, subject to rules of the supreme court.... ” Section 12-17-24 of the Code gives the presiding judge “general supervision of the judges, clerks, registers, court reporters, bailiffs, sheriffs and other court employees of the circuit and district courts within the circuit. ...” The Supreme Court of Alabama has interpreted § 12-17-24 and defined the circuit judge’s supervisory power in a situation similar to the present case in In re Ingram, 356 So.2d 618 (Ala.1978). In Ingram the Honorable Kenneth F. Ingram, Presiding Judge of the Eighteenth Judicial Circuit, had issued a directive to the clerk of the court requiring that all civil process be delivered to the sheriff for service. Under Rule 4.1(b)(1), A.R.Civ.P., the clerk has the authority and duty to deliver process for service. The clerk’s authority includes the discretion to direct either the sheriff or a constable to serve civil process. Ingram’s directive effectively performed the clerk’s duties for him. The court recognized that § 12-17-24, Code 1975 gives presiding judges the authority to supervise clerks and sheriffs “to see that they attend strictly to the prompt and diligent discharge of their duties.” 356 So.2d at 621. The court then discussed the scope of that supervisory power:
“This statute does not authorize the presiding judge to exercise the duties placed by law upon the clerk. Yet the presiding judge has the duty and responsibility to see that the circuit court functions properly. If a clerk fails to perform his or her duties placed upon him or her by law, mandamus or other proper remedy will lie to compel his action.”
356 So.2d at 621.
We believe the same reasoning applies in the present case. Section 12-17-26 of the Code gives circuit judges the authority to grant writs of mandamus. We hold that mandamus is the proper remedy to compel a district judge to transfer a case that is within the exclusive jurisdiction of the circuit court from district court to cir *765 cuit court, and that a circuit judge has no authority to transfer such a case himself. The matter was properly before the circuit court for trial de novo by appeal from a judgment of dismissal. Such was a final judgment and appealable. McCulley v. Stroud, 286 Ala. 515, 243 So.2d 28 (1970).
The issue brought forward on this appeal is whether the circuit court had jurisdiction to render judgment on a third party complaint originally brought in district court. Because the complaint was originally filed in district court (where third party practice is unavailable under Rule 14(dc), A.R.Civ. P.), the issue necessarily involves a consideration of the effect of filing a third party complaint in district court. More specifically, we must determine what effect Rule 14(dc), A.R.Civ.P. has on the jurisdiction of the district court.
Appellant contends that Rule 14(dc) is procedural, and that under Rule 82(a), A.R. Civ.P., it is not intended to alter the court’s jurisdiction; that the subject matter jurisdiction of the district court is not affected by Rule 14(dc); that the district court had jurisdiction to hear the third party complaint, and the third party complaint with its default moved' with the original complaint to circuit court; that the circuit court therefore had jurisdiction to render judgment on the third party complaint, and should not have set its judgment thereon aside.
The issue is not whether the district court had jurisdiction of the subject matter of the third party complaint. The issue is whether that court may entertain a procedure which is prohibited to it by the rule-making authority — the supreme court.
True third party practice, as embodied in Rule 14, A.R.Civ.P., did not exist at common law in Alabama. See Rule 14, A.R. Civ.P., Committee Comments. Impleader was made available in Alabama in 1965 by Tit. 7, § 259, Code of Alabama 1958. That act has been superseded by Rule 14.
The district courts of Alabama were created in 1973 by Amendment No. 328, amending art. VI of the Constitution of Alabama of 1901. Third party practice was not made available in the district courts. Rule 14(dc), A.R.Civ.P.
Rule 14 makes available in circuit court what was not available to it at common law, namely, third party practice. That rule does not apply in district court; therefore, third party practice is not available in district court. The filing of a third party complaint in district court is a nullity. The district court has been specifically denied the authority to entertain such a complaint. Rule 14(dc), A.R.Civ.P. Any action taken thereon was beyond the authority of the court and was void.
The case between John Deere Company and Robert Smith was moved to circuit court and was heard de novo with judgment entered. Smith contends that his third party complaint against Saint was as much a part of the “case” as was John Deere Company’s complaint against him, and that it therefore moved to the circuit court. The circuit court therefore obtained jurisdiction to hear both the original complaint and the third party complaint.
We have already answered that contention. However, it may be observed further that the appeal was from a judgment of dismissal in district court to a de novo trial in circuit court. Any judgment of the district court was thereby of no further force or effect. Even should the third party complaint be removed to the circuit court, the default judgment thereon would not be effective there. It was not an ap-pealable judgment. Neither was there notice of such removal to Saint. No matter how the matter is approached, the court was not in error in setting aside its judgment. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.